UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


NATALIE GONZALEZ

    v.                                           Civil No. 26-cv-308-SE-AJ

SHANTONU BASU


**REPORT AND RECOMMENDATION**

Plaintiff Natalie Gonzalez, proceeding pro se, filed a Complaint (Doc. No. 1) in forma pauperis in this court.  The Complaint is before the court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).


**PRELIMINARY REVIEW STANDARD**

In conducting preliminary review under 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2), the court construes pro se pleadings liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The court may dismiss claims if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief might be granted, or the action is frivolous or malicious.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).  To determine if a pleading states a claim upon which relief can be granted, the court takes as true the facts asserted in the Complaint, and inferences reasonably drawn from those facts, strips away the legal conclusions, and considers whether the complaint states a claim that is plausible on its face. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

**DISCUSSION**

The named Plaintiff here filed the same Complaint filed here against the same Defendant asserting the same (scant) facts and legal conclusions in more than thirty federal district courts as of the date of this Report and Recommendation.  Plaintiff put a South Carolina return address on the envelope containing her Complaint.  The envelope bears a different postmark.  Plaintiff contends that the named Defendant, who is not identified in any way beyond their name, "engaged in ex parte communication."

Another court in which Plaintiff here filed the same complaint against the same defendant dismissed the matter, with prejudice, and without leave to amend, as follows:

> [T]he Plaintiff does not provide any details about the parties or their actions, the basis for filing in this Court, or any other context to support her conclusory, baseless allegations.  Furthermore, materially-identical Complaints have been filed in numerous courts around the country . . ..  The cases were all filed between January 28, 2026 and April 23, 2026, thus far at least.  The Plaintiff's mailing address is in South Carolina, but the envelope she mailed her complaint in, here and in other cases, is postmarked in New York. . ..  An action is "malicious" in the context of Section 1915(e)(2)(B)(i) where it is "intended to harass."  Lindell v. McCallum, 352 F.3d 1107, 1109 (7th Cir. 2003).  Certainly, where a plaintiff files the same complaint with the same, baseless, meager allegations – completely devoid of context or supporting facts – in over 32 courts, that plaintiff intends to harass either the defendant, the court, or both.  Thus, for the foregoing reasons, the Plaintiff's Complaint (D. 1) is DISMISSED WITH PREJUDICE for failure to state a claim and as malicious.  . . . [T]he Court will not permit the Plaintiff to pursue this malicious action.  The Clerk is directed to enter judgment and close this case.

Apr. 23, 2026 Order, Gonzalez v. Basu, No. 1:26-cv-1159-JEH-RLH (C.D. Ill. Apr. 23, 2026).

The Complaint here warrants the same disposition.  The facts stripped of legal conclusions are not sufficient to satisfy the requirements of Fed. R. Civ. P. 8, or to state any claim upon which relief can be granted.  The suit appears to be malicious and an abuse of process.  Accordingly, the district judge should dismiss the Complaint in its entirety.  Upon the district judge's approval of this Report and Recommendation, the Clerk's Office should enter judgment and close this case.

**CONCLUSION**

For the foregoing reasons, the District Judge should dismiss the Complaint in its entirety, and then the Clerk's Office should enter judgment and close the case. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The objection period may be extended upon motion. Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

Andrea K. Johnstone
United States Magistrate Judge

April 27, 2026

cc:    Natalie Gonzalez, pro se